No. 34,505

ESTHER MAY SINGER et al., *Appellees*, v. FLORA WILSON et al., *Appellants*.

(100 P. 2d 985)

Opinion filed April 6, 1940.

*Joe T. Rogers*, of Wichita, for the appellants.

*Riley W. MacGregor* and *H. Hobble, Jr.*, both of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action to partition certain described real property in Barber county. The controverted issue in the case was whether plaintiffs have any share in the property. The trial court found for plaintiffs. Defendants have appealed.

The pertinent portions of the record may be summarized as follows: The real property was owned by Andrew J. Ogden, who died March 28, 1913, leaving a will in which he had devised to his wife, F. E. Ogden, the real property in question, "to be held by her as her own separate property during her natural life, and at her death to be divided equally between our lawful heirs." The will contained a similar provision respecting the personal property, the remainder, at the death or remarriage of the widow, to "go to our lawful heirs," and by it the testator bequeathed "to each of my children, Flora Wilson, Frances Elizabeth Rowley, Joseph Andrew

Ogden, Priscilla Jewell, Rosa May Parson and Vina Esther Ogden; and to James Ogden, the sum of ten dollars ($10) each to be paid out of my estate." On April 9, 1913, the widow, F. E. Ogden, filed her verified petition for the probate of the will, in which she alleged that "Andrew J. Ogden left surviving him as his heirs at law F. E. Ogden, his widow; Flora Wilson, his daughter; Frances Elizabeth Rowley, his daughter; Joseph Andrew Ogden, his son; Priscilla Jewell, his daughter; Rosa May Parson, his daughter; Vina Esther Ogden, his daughter; and James Ogden, his son; all of said children being of full age; the said James Ogden being the son of the said Andrew J. Ogden, deceased, but not a son of his widow, F. E. Ogden." The journal entry of the probate court, on the final settlement of the estate of Andrew J. Ogden, contains this paragraph:

"The court further finds that the said executrix, F. E. Ogden, is the widow of the late Andrew J. Ogden, deceased, that he had five daughters and two sons, namely, Flora Wilson, Frances Elizabeth Rowley, Priscilla Jewell, Rosa May Parsons, Vina Esther Thomas, Joseph Andrew Ogden and James Ogden; the said James Ogden being the son of the said Andrew J. Ogden, deceased, but not the son of his widow, F. E. Ogden, and that said children are all of full age."

James Ogden died June 2, 1928, intestate, leaving plaintiffs as his sole heirs at law, and F. E. Ogden died May 28, 1937, without having remarried since the death of Andrew J. Ogden.

This action was filed April 30, 1938. Plaintiffs alleged that they were the heirs at law of James Ogden, who is a son and one of the beneficiaries in the will of Andrew J. Ogden. The petition contained other allegations usual in a partition action. A copy of the will of Andrew J. Ogden was attached as an exhibit to the petition. The defendants are the surviving children of Andrew J. Ogden and F. E. Ogden, his wife. They answered, admitting the formal parts of the petition, but specifically denied that James Ogden was a son of Andrew J. Ogden, or that plaintiffs have any interest in the real property. The reply was a general denial. On the trial defendants took the position that if James Ogden was a son of Andrew J. Ogden he was an illegitimate child. To meet that issue plaintiffs produced evidence to the effect that Andrew J. Ogden, openly and notoriously and over a number of years, had recognized James Ogden as his son; also, that he was not an illegitimate child, but a child by a former common-law marriage. They relied, also, upon the allegations of the petition filed by F. E. Ogden for the probate of the will of Andrew J. Ogden and by the judgment of the

probate court finding who were the heirs of Andrew J. Ogden. The trial court specifically found that James Ogden was a son of Andrew J. Ogden. We have examined the evidence and find it is ample to sustain that finding of the court.

Appellants further contend that the language of the will by which, at the death of the widow of the testator, the real property was to be divided equally between "our lawful heirs" should be construed as limited to the children of Andrew J. Ogden and his wife, F. E. Ogden, and should not be construed as including James Ogden, even if he were a son and therefore a lawful heir of Andrew J. Ogden. We have considered this contention and are unable to sustain it. The language was not particularly well chosen, but it certainly includes lawful heirs of the testator, therefore would include a child of the testator by a former marriage, or even an illegitimate child of the testator who had been openly and notoriously recognized as a son of the testator. (G. S. 1935, 22-122.)

We find no error in the record. The judgment of the court below is affirmed.